## EX PARTE MINER.

### APPEAL from the District Court of San Juan.

No. 111.—Decided April 12, 1904.

DOMINION TITLE—POSSESSION TO ACQUIRE SAME—GOOD FAITH—PROPER TITLE.
—In order to acquire a dominion title to real estate by ordinary prescription, possession for six years in good faith and under a proper title is necessary

ID.—CLASSIFICATION OF TITLE.—The classification of the title is a power vested in the court, and it is necessary that the nature of the title by virtue of which possession is held be shown, so as to enable the court to consider and determine whether or not it is a proper title.

#### STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Attorney Luis Freyre Barbosa, on behalf of Mr. W. W. Miner, with reference to the investigation of the ownership of a rural estate, which case is pending before us upon an appeal taken by the counsel for the petitioner from the judgment rendered by the said district court, and which reads as follows:

"Porto Rico, September 1, 1903. On the 12th day of April of the present year Attorney Luis Freyre Barbosa, as the legal representative of W. W. Miner, addressed himself to the court and alleged that, his predecessor in interest being without a written dominion title, he was desirous of establishing, in accordance with the Judicial Order of April 2, 1899, and article 395 of the Mortgage Law, that he is the owner of a rural estate situated in the *barrio* 'Candelaria' of Bayamón, formerly Toa Baja, composed of 30 *cuerdas,* being equivalent to 11 hectares, 79 ares and 19 centares, and bounded on the north by lands of Mr. George Case, represented by Mr. Henry Grosch; on the south by the highway extending from Cataño to Reyes

con Don Francisco Dávila, y por el oeste, con Don Juan Ortiz; que él hace dos años que adquirió la finca de Nicolás Román quien la había venido poseyendo por más de 20 años sin oposición de nadie y valorado dichos terrenos en $500, y suplicando la declaración de dominio, publicación de edictos, y citaciones requeridas por la ley y la práctica de la información testifical bajo los interrogatorios siguientes: 1. Generales de la Ley. 2. Ser cierto que Don Nicolás Román vino poseyendo quieta y pacíficamente, sin oposición de nadie, por espacio de más de veinte años, la finca que se describe en el cuerpo de este escrito. 3. Ser cierto que esa propiedad y posesión la trasmitió en virtud de contrato de compra-venta, hará dos años más ó menos, á Mr. W. W. Miner quien también, desde que la adquirió de aquel, la ha venido poseyendo también quieta y pacíficamente sin oposición de nadie. 4. Ser cierto que lo declarado es público y notorio.

*Resultando*: que evacuado el traslado por el ministerio fiscal, publicados los edictos en The Puerto Rico Sun, y citados en forma legal los colindantes y nó el anterior poseedor, al segundo interrogatorio contestaron los testigos que sí y le constaban igualmente al tercero, constándole además que tanto el actual dueño como los anteriores han poseido la finca de buena fé y con justo título y pagado las contribuciones y al cuarto interrogatorio que es público y notorio.

*Resultando*: que señalada la comparecencia verbal y citado el fiscal compareció el abogado de la parte promovente que alegó lo que él creyó necesario á su derecho.

*Considerando*: que aún dado por supuesto que se ha justificado una posesión con título justo, la parte promovente lleva solamente más de dos años de tal posesión, cuando la Orden Judicial en que se funda el expediente requiere seis años.

*Considerando*: que puesto que los testigos declararon que el anterior poseedor poseyó durante veinte años de buena fé y con justo tituló y sin indicar la clase de título para que el Tribunal pueda saber si el título era justo ó nó, no basta tal declaración para formar

Católicos; on the east by lands of Mr. Francisco Dávila; and on the west by the lands of Mr. Juan Ortiz; that two years ago he acquired said estate from one Nicolás Román, who had sold the same after having been in the possession thereof for more than twenty years without opposition on the part of anyone, and that said lands are valued in the sum of five hundred dollars. He requested a declaration of ownership, the publication of notices, the citations required by law, and that an examination of witnesses be had upon the basis of the following interrogatories: 1. General interrogatories required by law; 2. Whether it is true that Nicolás Román has been in the quiet and peaceable possession of the estate described in the body of this petition for the period of more than twenty years; 3. Whether it is true that said possession and property had been transferred two years ago, more or less, by virtue of a contract of purchase and sale, to W. W. Miner, who also, since the time he purchased the same from Román, has likewise been in the quiet and peaceable possession thereof without opposition on the part of anyone; 4. Whether the above facts are public and notorious.

''The record of the case having been returned after examination by the Department of Justice, the notices having been published in 'The Porto Rico Sun,' and the adjoining property owners having been summoned in legal form, but not so the former possessor, the witnesses answered the second interrogatory in the affirmative and likewise stated that they knew of their own knowledge that the third interrogatory was true, that they also knew of their own knowledge that both the present owner and the former owners have been in possession of the estate in good faith and under a proper title and paid taxes thereon, and stated in answer to the fourth interrogatory that these facts are public and notorious.

''A date having been set for the hearing, and the *Fiscal* having been cited, counsel for the petitioner appeared and alleged such matters as he deemed necessary in support of his rights.

''Even upon the supposition that possession under a proper title has been shown, the petitioner has had such possession for more than two years only, whereas the judicial order upon which the proceedings are founded requires six years.

''Inasmuch as the witnesses testified that the former holder was in possession of the estate for twenty years in good faith and under a proper title, but without specifying the kind of title so as to enable the court to determine whether it was a proper one or not, such state-

un criterio racional pues el Tribunal, y nó los testigos, está llamado á calificar el título.

Se declara sin lugar el dominio solicitado.

Así lo acordaron y firmaron los Jueces del Tribunal de que certifico.—Frank H. Richmond.  José Tous Soto.  Otto Schoenrich.—Luis Mendéz Vaz.''

''*Resultando* : que contra esta sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, cuyo acto se celebró con asistencia del abogado defensor del apelante y del Fiscal de este Tribunal, que impugnó el recurso.

Abogado del apelante: *Sr. Freyre Barbosa.*

Abogado del Pueblo: Sr. del Toro, Fiscal.

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

Vistas las disposiciones que en la misma se citan.

*Fallamos* que debemos confirmar y confirmamos la expresada sentencia con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

---

LANDIS *v.* THE MAYAGÜEZ ELECTRIC CO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 61.—Resuelto en Abril 13, 1904.

CONTRATOS.—SU TERMINACION.—Las partes vienen obligadas al fiel cumplimiento de las estipulaciones consignadas en un contrato, el que solo puede terminar en la forma y modo en que ambas partes hubieren convenido.

ment is not sufficient to form a rational opinion upon the subject, as the court, and not the witnesses, is the one called upon to make the classification of the title.

"The declaration of ownership applied for is denied.

"It was so ordered and signed by the judges of the court, to which I certify. Frank H. Richmond, José Tous Soto, Otto Schoenrich. —Luis Méndez Vaz."

From this judgment counsel for the petitioner took an appeal, which was allowed both for review and stay of proceedings and the record having been sent up to this court, after a citation of the parties, and the appellant having appeared, the appeal was conducted with the proper formalities and a day was set for the hearing, the attorney for the appellant and the *Fiscal* of this court, who opposed the appeal, being present when the same was held.

*Mr. Freyre Barbosa,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the judgment appealed from are accepted.

Having examined the legal provisions therein cited, we adjudge that we ought to affirm and do affirm the said judgment, with costs against the appellant.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.